RurriN, Chief-Justice.
 

 The effect simply of the ad- . . . . ‘ . . miuistration of the creditor on the estateot one of the ob-ligors, is not to be determined in this case, because the de-
 
 '
 
 fend ants have not pleaded that fact. The material pleas are payment and satisfaction: the defendants choosing
 
 *104
 
 to re]y on the merits, and fact of satisfaction, rather than on the ground that the creditor, by his own act of admin-¡storing, had suspended and. thereby extinguished his remedy.
 

 On the trial upon these issues, it apeared in evidence' that the plaintiff is the administrator of
 
 William W. Ghvffin,
 
 a co-obligor with the defendants, and received assets more than sufficient to pay this, and all other bond debts of the intestate to himself. The court held, that the debt was satisfied by the receipt of assets to a larger amount; and also rejected evidence offered by the plaintiff, that the intestate owed bond debts to other persons, in which the plaintiff was his surety, and which he had paid off to
 
 the
 
 amount
 
 of
 
 the assets received by him.
 

 The first position is in conformity to the case of
 
 Muse
 
 v.
 
 Sawyer,
 
 (N.
 
 C. T. R.
 
 204,) which is directly in point, where the plaintiff was the
 
 executor of
 
 the obligee instead of the obligee himself.
 

 From
 
 that, the correctness of the second
 
 position seems to be a necessary consequence. If the plaintiff were a creditor by several bonds, to a larger amount than all the assets that have come to his hands, in reason and justice he ought to be at liberty to apply the assets to such of his bonds as he chose, and the law in case he had not actually applied them, would presume him to apply them to those debts for which the creditor had no other security but the single bond of the intestate. But if the administrator be a creditor by bond, and also by simple contract, the assets are first applicable to the former debt, and must be so applied. The doctrine of retainer is founded upon the idea that the debt is extinguished by the receipt of assets, whenever those assets can in the course of administration be legally applied to the debt. It does not appear in
 
 the
 
 record,
 
 whether
 
 the plaintiff paid the bonds in which he was surety, before or after he administered. But beit either way, theresultis the same. If before, the debt to the plaintiff in respect of such payments, was a simple contract; and this, as a bond debt is first to be paid. If after, the assets were
 
 *105
 
 before appropriated by law and at the instant they were received, to t!ie bond debt to the plaintiff. The x residue after deducting this debt, was the assets to which other bond creditors could resort. When the debt becomes extinct by reason of the receipt of assets, if is extinguished for all purposes andas to all persons, as well co-obligors, as the heir of the deceased obligor; for, says Lord
 
 Holt
 
 in
 
 Wankford
 
 v.
 
 Wankford, (Salk.
 
 305) having assets, amounts
 
 to payment,
 
 and another obligor in the
 
 bond
 
 cannot be
 
 sued.
 
 Being thus extinguished, it can never be revived by any subsequent acts of the administrator, such as the application of the assets to other debts of inferior dignity, or even of the same dignity fall-ng due, or acquired by him, after tbc'asscts were legally applicable, and had been by the law applied to this bomb
 

 it seems
 
 that ?le act°f. I829, surety who has Pai>-Uhe debt of a against his estate ^^ha™of^thef principal creditor, “¿LImus both surety and ^ surety to one pay j*^3e‘^rectIy
 

 This case having occurred prior to 1829 is not affected by the act of that year, fe. 22.) Indeed had it occurred afterwards, it is clear that it could not operate m favor of the plaintiff, if he paid off the bonds after he obtained letters of administration because fiie statute only gives to demands, paid by the surety, the dignity, in liis hands, which they had in those of the origina!
 
 creditor;
 
 and as bonds held by the original eral-ifcor, they were postponed to the right of retainer in the plaintiff of the debt due to himself. For the sa®e reason it is at least
 
 doubtful
 
 whether the law would hot be the same, had the plaintiff paid the bonds before administration ; though possibly in that case, lie might be considered as then holding them as bonds due to himself. But upon that question, the court gives no opinion ; as fhe facts to raise it are not found in the case.
 

 Per Curiam — Judgment affirmed.